IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN W. ALLEN,                    )
        Plaintiff,                     )
                               )
        v.                             )     2:12-CV-965
                               )
COMMISSIONER OF                       )
SOCIAL SECURITY,                      )
        Defendant.                     )

MEMORANDUM AND ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the defendant's motion (ECF. 16) will be granted; the plaintiff's motion (ECF.13) will be denied and the determination of the Commissioner will be affirmed.

On  July 13, 2012, Jonathan W. Allen by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for Supplemental Security Income benefits under Sections 1614 and 1631 of the Act, as amended, 42 U.S.C. §1381 cf.

The instant application for Supplemental Security Income Benefits was filed on January 15, 2009 (R.78-82, 133-136). Benefits were denied and on June 5, 2009 the plaintiff requested a hearing (R.83-85). Pursuant to that request a hearing was held on Jan 6, 2011 (R.59-76).  In a decision filed on February 23, 2011, an Administrative Law Judge denied benefits (R.20-30), and on April 28, 2011, the plaintiff requested reconsideration of that determination (R.17).  On May 15, 2012, the Appeals Council affirmed the prior determination (R.1-6).  The instant complaint was filed on July 13, 2012.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and
> transcript of the record, a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing. The findings
> of the Commissioner of Social Security as to any fact, if supported
> by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir. 2008). The court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999)

The purpose of the Supplemental Security Income Program is to provide additional income to persons of limited resources who are aged, blind or disabled persons. 42 U.S.C. §1381; Chalmers v. Shalala, 23 F.3d 752 (3d Cir. 1994). To be eligible for such benefits, an individual's income must not exceed a certain established maximum and he/she must fulfill certain eligibility requirements.

As set forth in 20 C.F.R. § 416.905(a) disability is defined as:

> the inability to do any substantial gainful activity by reason of any
> medically determinable physical or mental impairment which can
> be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than 12
> months.

In addition, a person will be considered disabled if he/she is

> (a) ... permanently and totally disabled as defined under a State
> plan approved under title XIV or XVI of the Social Security Act,
> as in effect for October 1972; (b) ... received aid under the State
> plan ... for the month of December 1973 and for at least one
> month prior to July 1973; and (c) ... continue[s] to be disabled as
> defined under the State plan.

20 C.F.R. § 416.907.

> A physical or mental impairment is defined in 20 C.F.R. §416.908 as an:

> impairment [which] result[s] from anatomical, physiological, or
> psychological abnormalities which [are demonstrated] by
> medically acceptable clinical and laboratory diagnostic
> techniques.

For purposes of determining whether or not the plaintiff met the eligibility

requirements, certain evidence was considered by the Commissioner.

At the hearing held on January 6, 2011, the plaintiff appeared with counsel (R.61)

and testified that he was thirty-six years old and had completed the tenth grade (R.62); that he was

in prison for four months in 2010 and was on probation at that time (R.67, 75); that he had

worked as a produce salesperson, pizza cook and magazine subscription salesman (R.63) and that

he last worked on December 29, 2008 (R.64).

The plaintiff also testified that he experiences low back pain as a result of a car

accident for which he takes medication and has to move around (R.64-65); that he suffers from

severe depression, anxiety and paranoia (R.65-66); that he has difficulty staying focused (R.66);

that he was recreational drug free (R.69) and that he takes several medications (R.71).

At the hearing a vocational expert was also called upon to testify (R.73-74). The

witness described the plaintiff's prior work experience as unskilled to skilled in nature at the

sedentary to medium exertional levels (R.73). The witness was asked to assume a thirty-six year

old individual with a tenth grade education with the inability to work on a consistent basis and responded that such an individual could not be gainfully employed (R.73). However, if that individual could perform any work, the expert testified that there were a large number of low-stress jobs such an individual could perform (R.74).

In addition, certain other evidence was considered.

The plaintiff was hospitalized at Western Psychiatric Institute and Clinic from April 18, 2007 through April 23, 2007 as a suicide risk. Group and pharmacotherapy follow-up were recommended. The plaintiff's opiate, cocaine and benzodiazepine dependency were also noted (R.288-305).

The plaintiff was treated at Western Psychiatric Hospital and Clinic on November 11, 2007 and December 24, 2007 (R.306-309).

The plaintiff was hospitalized at UPMC Mercy Behavioral Health between December 2, 2008 and December 11, 2008 for a bipolar disorder resulting from discontinuance of his medications and opiate, alcohol and cocaine dependence. Medication was restarted and improvement was noted (R.207-230).

The plaintiff has hospitalized at UPMC Mercy Behavioral Health between January 19, 2009 and January 26, 2009 where he was diagnosed with a bipolar disorder and polysubstance dependence (R.240-257).

In a report of a clinical psychological evaluation conducted on April 14, 2009, Steven Pacella, Ph.D. diagnosed substance induced mood and thought disorder, polydrug dependence, possible paranoid/delusional disorder and possible bipolar disorder. The doctor concluded "I would not consider him, today, able to work within a schedule, attend to a task or sustain a consistent, competitive routine even for brief periods." (R.258-262).

4

In a residual functional capacity assessment completed on April 16, 2009, Dr. Dilip S. Kar reported that the plaintiff could occasionally lift up to fifty pounds, frequently lift up to twenty-five pounds, and stand, walk or sit for about six hours. He concluded that the plaintiff's statements were only partially credible. (R.263-269).

In a mental residual functional capacity report completed on April 24, 2009, Richard A. Heil, Ph.D. concluded that the plaintiff's narrative was only partially credible and that he was capable of engaging in simple, routine, repetitive work in a stable environment. Dr. Heil diagnosed a substance induced thought and mood disorder and polysubstance dependence. (R.270-287).

The plaintiff was treated at the Mercy Behavioral Health Center between January 6, 2009 and May 5, 2009 for polysubstance abuse, a schizoaffective disorder and an anxiety disorder. (R.310-371).

The plaintiff was treated at Allegheny General Hospital between March 14, 2008 and January 7, 2010 for a lumbar contusion, an infected cat scratch, panic disorder, alcohol intoxication, depression, hand fracture, polysubstance abuse, pneumonia and pancreatic atrophy. (R.372-420).

The plaintiff was admitted to the Gateway Genesis rehabilitation program on July 8, 2010. (R.477).

The plaintiff had several negative drug tests between July 8, 2010 and September 22, 2010. (R.421-430).

The plaintiff attended the North Side Christian Health Center between May 29, 2008 and October 18, 2010 for treatment of mental problems and substance abuse. (R.431-475).

The plaintiff's probation officer reported that he tested positive for substance abuse on three out of five occasions during the period from April 17, 2007 through October 29, 2010 (R.476).

In a report of a January 13, 2011 evaluation, Charles Rumble, M.D. diagnosed panic attacks and attention deficit disorder. (R.491-497).

The plaintiff was treated at NHS Human Services between September 28, 2010 and January 13, 2011 for out-patient mental health counseling. (R.480-490).

Based on the evidence presented, the Commissioner determined:

The claimant has the following several impairments: bipolar affective disorder, anxiety disorder with panic attacks, mild attention deficit disorder, and substance addiction disorder…

The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1…

In activities of daily living, the claimant has mild restriction…

In social functioning, the claimant has moderate difficulties…

With regard to concentration, persistence or pace, the claimant has moderate difficulties…

As for episodes of decompensation, the claimant has experienced one to two episodes of decompensation, each of extended duration. It is essential to note, however, that there never has been an episode of decompensation unaccompanied by excessive use of alcohol or drugs. To the contrary, the claimant has tended to present for intensive mental health treatment when either under the influence of, or acutely withdrawing from, drugs or alcohol…

Because  the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "Paragraph B" criteria are not satisfied…

In this case, the evidence [also] fails to establish the presence of the "paragraph C" criteria. Dr. Rumble suggested that the claimant required a highly supportive living arrangement, but that assessment is belied by the claimant's current ability to live independently with family members. What is more, while the claimant spent time in halfway houses and homeless shelters, these appear to have been court commitments rather than the expression of a medical need…

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine, repetitive tasks. He must work in a relatively low-stress environment, involving only incident interaction with peers or supervisors and no public contact…

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

As noted above, there is a significant element of substance abuse in the claimant's history, and as a result he has spent a great deal of time incarcerated and in an inpatient mental health treatment setting, however, he has not required nearly so intensive a treatment regimen during his relatively brief periods of abstinence from drugs and alcohol. He appeared to be intoxicated by alcohol or cocaine when he appeared for consultative mental status examination in April 2009, and he demonstrated clinical abnormalities such as pressure of speech, agitation, and paranoia that have not been observed at other mental status examinations.

The claimant has a very poor work history in general, and it appears clear that drug abuse, incarceration, and associated problems are responsible for this fact…. His criminal history also impairs his overall credibility, especially since the record shows that he has engaged in deceptive practices in order to remain on Suboxone even while abusing drugs. He is chronically non-compliant with prescribed treatment.

In short, there is little evidence of disabling mental impairment when the effects of drug and alcohol abuse are excluded; and under Social Security law, limitations associated with such abuse cannot form the basis for a compensable disability. The claimant's

activities of daily living are not so constricted that he would be
considered unable to sustain a work routine…

The claimant has past relevant work as a sales person and pizza
maker. These jobs entailed a great deal of social interaction, and
therefore exceed his residual functional capacity. Accordingly, the
claimant is unable to perform past relevant work…

Considering the claimant's age, education, work experience, and
residual functional capacity, there are jobs that exist in significant
numbers in the national economy that the claimant can perform …

The claimant's ability to perform work at all exertional levels has
been compromised by nonexertional limitations… the
Administrative Law Judge asked the vocational expert whether jobs
exist in the national economy for an individual with the claimant's
age, education, work experience, and residual functional capacity.
The vocational expert testified that given all of these factors the
individual would be able to perform the requirements of
representative occupations… These illustrative occupations account
for at least 290,000 jobs in the national economy…

Based on the entire case record, including the probative testimony
of the vocational expert, the undersigned concludes that the
claimant is capable of making a successful adjustment to other work
that exists in significant numbers in the national economy. A
finding of "not disabled" is therefore appropriate… (R.25-30).

The evidence demonstrates that the plaintiff does not suffered from any severe

physical limitations, but rather his ability to engage in gainful employment is impacted by his

continuing history of substance abuse. The Social Security Act bars an award of disability

benefits based on alcohol or drug abuse. Torresy v. Chater, 125 F.3d 166, 169 (3d Cir. 1997).  In

this case it appears that the source of the plaintiff's infirmities is his substance abuse. In addition,

the Commissioner is tasked with making credibility determinations, Diaz v. Comm'r, 577 F.3d

500, 506 (3d Cir. 2009), and such matters were resolved in favor of the Commissioner.

Accordingly, substantial evidence exists to support the conclusion of the Commissioner.

Summary judgment is appropriate where there are no material factual issues in

dispute and the movant is entitled to judgment as a matter of law.  <u>Lichtenstein v. UPMC.</u>, 691 F.

3d 294, 300  (3d Cir. 2012).  In the instant case there are no material issues of fact in dispute, and

the findings of the Commissioner are supported by substantial evidence. For this reason, the

plaintiff's motion for summary judgment will be denied; the defendant's motion for summary

judgment will be granted and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 2nd day of April, 2013, for the reason set forth in the foregoing

Memorandum, the plaintiff's motion for summary judgment (ECF 13) is DENIED; the defendant's

motion for summary judgment (ECF 16) is GRANTED, and the decision of the Commissioner is

AFFIRMED.

s/ Robert C. Mitchell
United States Magistrate Judge